OPINION *Page 2 
{¶ 1} On August 17, 2006, appellee, the Stark County Department of Job and Family Services, filed a complaint for the temporary custody of Blaze Young born June 3, 2005, and Desirae Young born August 9, 2006. Mother of the children is Christy Young; father is appellant, Anthony Young.
 {¶ 2} On October 31, 2006, Blaze was found to be a dependent child and Desirae was found to be an abused child. The children were to remain in appellee's temporary custody.
 {¶ 3} On December 11, 2007, appellee filed a motion for permanent custody. A final hearing was held on May 6, 2008. By judgment entry filed May 20, 2008, the trial court terminated the parents' parental rights and granted appellee permanent custody of the children.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT'S FINDING THAT THE CHILDREN CANNOT BE PLACED WITH EITHER PARENT AT THIS TIME OR WITHIN A REASONABLE PERIOD OF TIME AND THAT IT IS IN THE CHILDREN'S BEST INTEREST THAT PERMANENT CUSTODY BE GRANTED TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 II {¶ 6} "FATHER/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO STRICKLAND V. WASHINGTON (1984), 466 U.S. 668, 80 L.ED.2D 674, 104 S.CT. 2052."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE PATERNAL GRANDPARENTS' MOTIONS TO INTERVENE."
 I {¶ 8} Appellant claims the trial court's decision to award permanent custody of the children to appellee was against the manifest weight of the evidence. Specifically, appellant claims the evidence did not support a finding that neither parent could, within a reasonable time, regain custody. Appellant further claims permanent custody to appellee is not in the best interests of the children. We disagree.
 {¶ 9} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 10} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows: *Page 4 
 {¶ 11} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 12} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 13} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to *Page 5 
division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 14} "(10) The parent has abandoned the child.
 {¶ 15} "(16) Any other factor the court considers relevant."
 {¶ 16} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child and any of the following apply:
 {¶ 17} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 18} "(b) The child is abandoned.
 {¶ 19} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 20} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 21} R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following: *Page 6 
 {¶ 22} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 23} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 24} "(3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment;
 {¶ 25} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 26} "(5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child."
 {¶ 27} In its Findings of Fact and Conclusions of Law filed May 20, 2008, the trial court specifically found the following regarding placement with either parent within the foreseeable future:
 {¶ 28} "9. * * * Father did not fully engage in the mental health services until mid January, 2008. Mr. Young did not follow recommendations for drug and alcohol treatment. He tested positive through mid March. He was clean until mid April, when he tested positive and then refused testing on April 29, 2008. *Page 7 
 {¶ 29} "Mr. Young lives with paternal grandparents, therefore he has no independent housing. The father works part time at two (2) different jobs. Anthony Young has been inconsistent in his visits with his children.
 {¶ 30} "13. These parents have not maintained stability, nor have they complied with their case plan objectives.
 {¶ 31} "14. These parents cannot adequately meet their own needs, let alone their children. Due to the parents drug addiction and mental health concerns, the Court is unable to find that these children could be safely returned to the parents based upon their failure to remedy the problems that led to the removal of these children. The Court is unable to find that they will remedy these problems within a reasonable period of time.
 {¶ 32} "15. The Children have been in the temporary custody of the Agency for 12 months or more within a consecutive 22 month period."
 {¶ 33} The record supports the trial court's conclusions. The children were in appellee's temporary custody for approximately eighteen and a half months. T. at 6, 45. Appellant was incarcerated for eleven months out of the first eighteen months of the case plan. T. at 10. He was incarcerated at the beginning of the case, "then he was let out and then he had a probation violation, so, he had to go back. And then was out, in. in the middle of October and then . . . was arrested again for ah . . . domestic violence against his sister, which was lowered to a lower sentence." Id. Appellant was required to complete a psychological evaluation at Melymbrosia, and undergo drug and alcohol assessment. Id. He completed the psychological evaluation which recommended the following: *Page 8 
 {¶ 34} "Long term individual therapy for no less than one (1) year. To maintain a job. To do random urine screens. To continue with his psychiatric meds. For the depression and anxiety. And that he shouldn't start an unsupervised visits until he can up, demonstrate the ability to be responsible by consistently attending therapy, working consistently and refraining from any use of illegal drugs." Id.
 {¶ 35} Because of his incarceration, appellant was not available to participate in his case plan until he was released from prison in October of 2007. T. at 11, 27. Upon his release, appellant failed to contact appellee, and he did not engage in any services even though he was made aware of the case plan prior to his incarcerations. T. at 11. Appellee contacted appellant once prior to the filing of the permanent custody motion, and made a home visit and went over the whole case plan again. Id. Appellant started services in January of 2008. T. at 12.
 {¶ 36} Appellant completed drug and alcohol assessment which indicated he was cocaine and marijuana dependent. Id. Appellant was required to undergo random urine screens. Id. He "started positive February through the middle of March and then he was clean until. . . . beginning, middle of April. And then it was positive again and then he was clean again. . . . and just after that, mid-April, and then refused to go * * *." Id. at 12-13.
 {¶ 37} Appellant and mother "didn't start visits until just recently. And then, those visits ended up having to be stopped" pursuant to court order. T. at 14. Both parents went more than ninety days without visiting the children. T. at 14-15, 29.
 {¶ 38} Appellant lives with his father, and has two part-time jobs. T. at 14.
 {¶ 39} When mother gave birth to Blaze, Blaze tested positive for marijuana. T. at 7. When Desirae was born, she tested positive for marijuana and cocaine. T. at 6. *Page 9 
Mother did not complete the services as required in her case plan. T. at 7-10. Mother dropped a positive urine fourteen days prior to the hearing. T. at 9-10.
 {¶ 40} The children have been in appellee's temporary custody for eighteen and a half months. This finding is supported by the evidence and "is sufficient in and of itself to base a grant of permanent custody pursuant to R.C. 2151.414(B)(1)." In re Speaks, Licking App. No. 2004CA0090, 2005-Ohio-3526, ¶ 43. In addition, the record establishes a failure to demonstrate any positive intent in improving until the thirteenth hour. Both parents have not become drug free as evident from the positive marijuana drug tests in the month prior to the hearing. T. at 9-10, 12-13.
 {¶ 41} In the best interest phase, it was established that both children have bonded with the foster family. T. at 57. The children are adoptable and the foster parents are considering adopting both of them. Id. When the children were first placed with the foster parents, they exhibited aggressive behavior i.e., fighting amongst each other, biting, head banging. T. at 58. During visitations with the parents in February 2008, "those behaviors that stopped, started again." Id. After visitation was suspended, the children's behaviors improved. T. at 59. The paternal grandfather was found to be an inappropriate placement because there was a concern "that he is the support person for mom and dad." T. at 63.
 {¶ 42} Upon review, we find by clear and convincing evidence the trial court was correct in awarding appellee permanent custody of the children.
 {¶ 43} Assignment of Error I is denied. *Page 10 
 II {¶ 44} Appellant claims he was denied effective assistance of trial counsel. We disagree.
 {¶ 45} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 46} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 47} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 48} Appellant claims his counsel was deficient in failing to make a motion to extend the case plan, and in failing to argue placement of the children with his parents. The trial court considered the evidence presented regarding these issues and rejected both:
 {¶ 49} "16. The paternal grandfather requested but was denied placement of the children. His home was found to be inappropriate. The paternal grandfather would not protect the children from the parent's behaviors. The Court is unable to find that these children could be safely placed with the paternal grandfather. *Page 11 
 {¶ 50} "* * *
 {¶ 51} "Extending temporary custody of Blaze and Desirae Young to allow the parents to work on their case plan is not in the children best interest. It appears from the evidence that the parents will not be able to remedy the initial problems in this case any time within the foreseeable future." See, Findings of Fact and Conclusions of Law filed May 20, 2008.
 {¶ 52} Upon review, we find do not find any deficiency in counsel's performance.
 {¶ 53} Assignment of Error II is denied.
 III {¶ 54} Appellant claims the trial court erred in denying his parents the right to intervene. We have discussed this issue in the companion appeal, Case No. 2008CA00134, and hereby incorporate and adopt said decision sub judice.
 {¶ 55} Assignment of Error III is denied.
 {¶ 56} The judgment of the Court of Common Pleas of Stark County, Ohio,
Juvenile Division is hereby affirmed.
 Farmer, J., Hoffman, P.J. and Wise, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed. *Page 1